**Moustapha DIAOUNE, Petitioner,**

**v.**

**824**

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 03-40187-ag.

United States Court of Appeals, Second Circuit.

Decided Oct. 26, 2006.

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York,

Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, for Respondent.

Present: DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Moustapha Diaoune, whose nationality and citizenship are unknown, seeks review of a June 16, 2003 order of the Board of Immigration Appeals ("BIA") affirming the May 4, 1999 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moustapha Diaoune*, No. A75 830 779 (B.I.A. June 16, 2003), *aff'g* No. A75 830 779 (Immig. Ct. N.Y. City May 4, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly adopt the IJ's decision, but issues a brief opinion that closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ reasonably based her adverse credibility finding, in part, on Diaoune's demeanor: Throughout his testimony, Diaoune looked to the IJ "as if to check [her] reaction to his testimony," and after Diaoune testified that he left Senegal and

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

came to the United States, he began to cry, but "in the midst of this display of emotion[,] he looked over at [her], apparently to ascertain [her] reaction to his display." *See Tu Lin v. Gonzales*, 446 F.3d 395, 400–02 (2d Cir.2006) (stating that "[d]emeanor is virtually always evaluated subjectively and intuitively, and an IJ therefore is accorded great deference on this score, no less than that accorded other fact finders"); *Zhou Yun Zhang*, 386 F.3d at 73–74.

The IJ also found Diaoune not credible based on his ignorance concerning the areas in which he claimed to have lived in Mauritania, and where events central to his claim allegedly took place. For example, Sorimale and Mbagne are located in the Brakna region, not the neighboring Gorgol region (as Diaoune alleged on two separate occasions). Diaoune's claim to have wanted to teach "between" Aleg and Brakna is nonsensical, in light of the fact that Aleg is the capital of the Brakna region. Further, Aleg and the Brakna region are not near the Mali border as Diaoune asserted: Aleg is located over 300 kilometers from that border, and the Brakna region is some 150 kilometers away at its closest point.

Diaoune's claim in his brief to this Court that the IJ's removal order violated his due process rights because he never had an opportunity to argue about country conditions in Senegal and was not firmly resettled there, is without merit. The IJ properly designated Senegal as the country of removal under 8 U.S.C. § 1231(b)(2)(E). *See Wangchuck*, 448 F.3d at 530–31.

These findings alone are sufficient to support the agency's decision because we can confidently predict the same outcome even without considering whether there may be flaws in the agency's other reasons. *See Xiao Ji Chen v. U.S. Dept. of Justice*, 434 F.3d 144, 159–65 (2d Cir.2006).

Because Diaoune does not raise his withholding of removal claim in his brief to this Court, that claim is waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Further, since Diaoune did not raise his CAT claim before the BIA, and he does not raise it here, that claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang*, 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.